JAMES CRAIN

v.

GEORGE CRAIN.

*Replevin—Notes—Evidence—Instructions.*

In an action of replevin by the payee of certain notes against a surety,
who claimed the right to hold them until the maker should furnish security
to indemnify the sureties, it is *held:* That although the evidence is conflict-
ing, the jury were justified in finding for the defendant; and that there was
no error in giving and refusing instructions.

[Opinion filed June 7, 1887.]

IN ERROR, to the Circuit Court of Jackson County; the Hon.
OLIVER A. HARKER, Judge, presiding.

Crain v. Crain.

Messrs. R. J. McELVAIN, E. H. LEMEN and R. M. DAVIS, for plaintiff in error.

Messrs. HILL & MARTIN, for defendant in error.

GREEN, J.   This was an action in replevin by plaintiff in error, brought against defendant in error, to recover possession of two notes payable to said James Crain, signed by Henry Mc-Coy, John R. Crain and said defendant.   The jury found against plaintiff, who entered his motion for a new trial, which the court overruled, rendered judgment on the verdict for defendant and awarded a writ of *retorno*.   Plaintiff sued out this writ of error to reverse the judgment.   It is not disputed, plaintiff in error was named as payee in said notes; that they were signed, and when signed were placed in the hands of George W. Crain by McCoy; and that defendant refused, on demand being made, to deliver them to plaintiff; and on behalf of plaintiff it is contended, when the notes were so delivered they were his notes, and defendant so received them, and as his agent promised to deliver them to plaintiff.   This is denied on behalf of defendant, who claims the notes were not placed in his hands for plaintiff, or as notes belonging to him, but that McCoy handed them to him, and they were to be kept and were not to be delivered to plaintiff, until and unless McCoy furnished security to John R. Crain and defendant, indemnifying them against loss, as sureties for him on said notes; that such condition was not complied with by McCoy, and hence plaintiff did not become entitled to said notes.   Upon this question of fact the evidence is conflicting.   The jury were justified by it, in finding as they did.   The instructions given to the jury properly informed them that the law is applicable to the facts proven, and were fair and quite favorable to the plaintiff; the instructions refused were properly refused.   We see no reason to disturb the verdict or reverse the judgment.   It is affirmed.

*Judgment affirmed.*